UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLIFFORD LEON HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-126-KAC-JEM |
| | ) | |
| JAMES F. LOGAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This action is before the Court on United States Magistrate Judge Jill E. McCook's "Report and Recommendation" ("the Report") [Doc. 9], which recommends that the Court deny pro se Plaintiff Clifford Leon Houston's Application to Proceed in Forma Pauperis [Doc. 4] [*See* Doc. 9 at 1]. Plaintiff filed a "Notice of Appeal and Objection" to the Report [Doc. 10]. Because the Report is not clearly erroneous or contrary to law, the Court overrules Plaintiff's objections and denies his Application to Proceed in Forma Pauperis [Doc. 4]

On March 20, 2024, Plaintiff filed his "Application to Proceed in Forma Pauperis with Supporting Documentation" ("Application") [Doc. 4]. In his Application, Plaintiff provided that he earned $9.86 per month from Social Security and Disability and has approximately $20 in savings [*See id.* at 4]. However, Plaintiff also claimed to have approximately $54,300 in real estate assets and $13,000 in motor vehicle assets, resulting in over $65,000 in total assets [*See id.* at 4-5]. Plaintiff further provided that his monthly expenses were approximately $909.80 [*Id.* at 7]. Based on this information, the Report finds that "Plaintiff's Application does not demonstrate his inability to pay the filing fee" and recommends "that Plaintiff's Application be denied and that he be ordered to pay the full filing fee" [Doc. 9 at 1, 3].

1

Plaintiff subsequently filed his "Notice of Appeal and Objection" [Doc. 10]. In the Objection, Plaintiff clarified that he actually receives "roughly $986.00" per month from Social Security and Disability [*See* Doc. 10 at 2]. Plaintiff also objects to the Report on two grounds: (1) Plaintiff asserts that his Application was "unlawfully denied" because Judge McCook lacked jurisdiction, [*see id.* at 3]; (2) Plaintiff asserts that he is in fact indigent and Tennessee "has declared the plaintiff as an indigent person," [*id.* at 4]. Both objections lack merit.

## I.       Analysis[1]

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a timely objection is made under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C).

The Court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citations omitted). The Court reviews factual findings for clear error and reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous

---

[1] The Report notes concerns about subject matter jurisdiction and whether the Court could ultimately provide the relief Plaintiff seeks [*See* Doc. 9 at 2 n.1]. The Court shares these concerns. *See Berry v. Schmidt*, 688 F.3d 290, 298 (6th Cir. 2012) (noting that"[t]he *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court"). But because the required analysis is fact-specific and the Court cannot determine at this stage that it lacks jurisdiction, the Court has jurisdiction to issue this Order.

if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* at 219 (internal citations omitted). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal citations omitted). No error of fact or law exists here.

***First***, 28 U.S.C. § 636 authorizes Judge McCook to issue the Report to be considered by the undersigned without Plaintiff's consent. Section 636(b)(1)(B) "does not demand that a formal referral order be filed." *U.S. v. B & D Vending, Inc.*, 398 F.3d 728, 732 (6th Cir. 2004). Further, Standing Order 13-02 provides that "the magistrate judges of this district may, ***without the necessity of an order of referral***, hear and determine any pretrial matter pending before the Court" pursuant to 28 U.S.C. § 636(b)(1)(A), and, "***without the necessity of an order of referral***, conduct hearings" pursuant to 28 U.S.C. § 636(b)(1)(B). E.D. Tenn. S.O. 13-02 (emphasis added). So, no referral order was necessary. Further, Section "636(b) referral does not require the consent of the parties in the first place." *Holt-Orstead v. City of Dickinson*, 641 F.3d 230, 234 (6th Cir. 2011); *see also Sifuentes v. Adobe, Inc.*, No. 24-1628, 2024 WL 4647915, at *1 (6th Cir. Sept. 24, 2024) ("[t]here is no requirement that a party expressly consent to the reference of pre-trial matters to a magistrate judge"). Accordingly, the Court overrules this objection.

***Second***, Plaintiff has not demonstrated that he is indigent. Even if it is true that the State of Tennessee "has declared the plaintiff as an indigent person" at some time, that does not resolve the indigency inquiry here in federal court [*See id.* at 4]. And the record before this federal court does not show that Plaintiff is indigent. *See Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) ("[t]he district court's review of an application for pauper status ordinarily is based solely upon the party's affidavit"). By Plaintiff's own admission, he receives monthly income of "roughly $986.00" [*See* Doc. 10 at 2]. He also has assets valued at over $65,000 [*See*

Doc. 4 at 5, 7]. He can afford to pay the costs of litigation and still pay for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); *see also Yonetani v. Advanced Call Ctr. Techs. Johnson City,* No. 2:24-CV-188, 2024 WL 5179918, at *1 (E.D. Tenn. Nov. 25, 2024), *report and recommendation adopted,* No. 2:24-CV-00188-DCLC-CRW, 2024 WL 5168634 (E.D. Tenn. Dec. 19, 2024) ("[g]iven the significant value of Plaintiff's assets, the Court cannot find that she qualifies to proceed *in forma pauperis*"). Because Plaintiff failed to demonstrate that he is unable to pay the filing fee while still affording the necessities of life, the Report properly recommended that the undersigned deny Plaintiff's Application to Proceed in Forma Pauperis [Doc. 4]. Accordingly, the Court overrules this objection.

Upon review of the entire record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 9] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court **OVERRULES** Plaintiff's "Notice of Appeal and Objection" [Doc. 10]. And the Court **DENIES** Plaintiff's Application to Proceed in Forma Pauperis [Doc. 4]. If Plaintiff wishes to proceed with this action, he **MUST** pay the filing fee **by July 14, 2025**. Failure to timely pay the filing fee will result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge