UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLIFFORD LEON HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-126-KAC-JEM |
| | ) | |
| JAMES F. LOGAN, JR.; | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the "Motion to Alter Judgment" [Doc. 24] filed by Plaintiff Clifford Leon Houston. He is proceeding pro se in this action. Because the Motion presents no basis to alter the Judgment, the Court denies the Motion.

**I.  Background**

Due to Plaintiff's history of inappropriate litigation before this Court, the Court previously issued a Permanent Injunction Order enjoining Plaintiff from "filing any new civil actions" in this Court without preclearance and written certification from the Court. *See* 3:13-mc-09, Doc. 1 (E.D. Tenn). In 2024, Plaintiff filed this action. After the Court determined that the existing Permanent Injunction Order did not bar the claims in Plaintiff's initial filing, the Court permitted him to proceed with this action.

Thereafter, Plaintiff failed to file any documents indicating that he had served Defendant James F. Logan Jr. In November 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed under Federal Rules of Civil Procedure 4(m) or 41(b) and Local Rule 83.13 for failing to timely serve Defendant [Doc. 18 at 2]. In response, Plaintiff stated that he mailed Defendant a "federal summons" on November 8, 2025 [*See* Doc. 19 at 20].

Because Plaintiff was making an effort to effectuate service, the Court gave him additional time. On November 25, the Court ordered Plaintiff to "file proof of service on Defendant" by December 2, 2025 [Doc. 20 at 2]. Because Plaintiff was proceeding pro se, the Court made clear that "proof of service must be made to the court" [*Id.* at 2 (citation omitted)]. And the Court warned that failure to comply with the Court's order would "**result in dismissal of this action under Rules 4(m) and 41(b)**" [*Id.* (citation omitted)].

Plaintiff failed to comply. As a result, on December 15 the Court dismissed this action without prejudice [*See* Doc. 21]. The Court did so under Rule 4(m) for failure to timely serve Defendant and under Rule 41(b) for failure to comply with a Court order [*See* Doc. 21 at 2-3]. The Court then entered judgment [Doc. 22].

After judgement was entered on December 15, the Court received a response from Plaintiff [Doc. 23]. That Response was purportedly mailed to the Court on December 9 [*See id.* at 10]. In the Response, Plaintiff represents that he did not receive the Court's November 25 Order until December 6 [*See id.* at 4]. He also attached a certified mail receipt purporting to be proof of mailing a summons to Defendant [*See id.* at 9, 11]. The certified mail receipt shows that a document was sent to Defendant and "delivered" and "left with [an] individual" on November 12, 2025 at 30 Second Street Northwest, Cleveland, Tennessee—Defendant's purported work address [*See id.* at 11, Doc. 5 at 2 (presumably identifying an address for Defendant's workplace)]. The receipt was signed, but to the extent that the signature is legible, it does not match Defendant's name [*See* Doc. 23 at 11]. No other records show who received the mailing or that individual's relationship to Defendant.

Plaintiff now moves to alter the final judgment under Rule 59 [*See* Doc. 24 at 1]. Liberally construed in his favor, Plaintiff makes three (3) arguments. ***First***, he argues that the certified mail

2

receipt proves that he served Defendant on November 12, 2025 [*See id.* at 8, Doc. 24-1 at 21]. **Second**, he states that he did not receive the Court's November 25 Order until December 6 [*See* Doc. 24 at 6]. **Third**, he claims that "an unknown federal agent employed by the United States Postal Service" has denied him the "honest services" of the postal services because he "refus[ed] to return to the plaintiff his USPS tracking 'green card'"—presumably referring to the relevant certified mail receipt [*Id.* at 12].

II.     **Analysis**

"Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (quotation omitted). "A Rule 59(e) motion, however, runs contrary to notions of finality and repose, and it is therefore generally discouraged and affords relief only under extraordinary circumstances." *S.B. by and through M.B. v. Lee*, 567 F. Supp.3d 850, 855 (E.D. Tenn. 2021) (citation omitted) (cleaned up); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (noting that Rule 59(e) is "an extraordinary remedy that should be used sparingly." (quotation omitted)).

Even liberally construed, none of Plaintiff's arguments warrant relief. **First**, even now, Plaintiff has not shown that he has properly served Defendant. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citation omitted). Plaintiff bears the burden of proving proper service of process. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Rule 4(e) governs service of individuals, like Defendant, located within the United States. Plaintiff could serve Defendant by (1) delivering a copy of the summons and complaint to him individually, (2) leaving a copy of the summons and complaint at his "dwelling or usual place of

3

abode" with a resident of "suitable age and discretion," or (3) delivering a copy of the summons and complaint to an agent authorized to receive process. *See* Fed. R. Civ. P. 4(e)(2). Rule 4(e) also allows Plaintiff to serve process according to the law of the state where the court sits or where service is to be made. *See* Fed. R. Civ. P. 4(e)(1). Here, taking Plaintiff's representations as true, that would be Tennessee [*See* Doc. 5 at 2 (alleging that Defendant "lives at" or is "located at" an address in Tennessee)].

Tennessee law permits service to be effectuated by certified mail in certain circumstances. *See* Tenn. R. Civ. P. 4.04(10). As relevant here, service by certified mail is complete when the defendant or an authorized agent signs a return receipt. *See* Tenn. R. Civ. P. 4.03(2), 4.04(10). The certified mail receipt must be signed by the defendant or someone authorized to receive process on his behalf. *See Hall v. Haynes*, 319 S.W.3d 564, 581 (Tenn. 2010). In this way, even the signature of a co-worker or receptionist alone is generally insufficient to establish proper service. *See id.*

Here, although Plaintiff purports to have mailed a summons to Defendant's workplace, Plaintiff has not shown that the certified mail was received by Defendant individually or someone authorized to receive process on his behalf and signed by that qualifying individual [*See* Docs. 23 at 11; 24-1 at 21]. *See also* Tenn. R. Civ. P. 4.03(2). The mailing was left with an unspecified individual at Defendant's alleged workplace, and the signature of the recipient is largely illegible [*See* Docs. 23 at 11, 24-1 at 21]. To the extent that a signature is legible, it does not match Defendant's name [*See id.*]. And the Court cannot infer that the largely illegible signature is Defendant's given that the only evidence offered to connect the signature to Defendant is the fact that it was acquired at Defendant's workplace. *See Montgomery v. Looney,* No. 23-131-TFM-B, 2024 WL 5397175, at *2 n.4 (S.D. Ala. Aug. 8, 2024) (illegible signature was "not sufficient to

4

demonstrate delivery of the summons and complaint to [defendant] or his authorized agent"). Plaintiff has the burden of establishing proper service. *See Byrd*, 94 F.3d at 219. And even now, he has not met that burden. So, he is not entitled to alter the Judgment on that basis.

*Second*, Plaintiff's assertion that he did not receive the Court's November 25 Order until December 6 is similarly unavailing. Plaintiff has an obligation to prosecute this action diligently and timely respond to Court orders. *See* E.D. Tenn. L.R. 83.13. The law entitles a Party to notice "reasonably calculated to reach the intended recipient when sent." *See Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008) (affirming dismissal based partially on a plaintiff's failure to respond to a court order that was mailed to his address over an objection that he never actually received it). The Court's November 25 Order was immediately and publicly available electronically on the Court's CM/ECF system and PACER. A hard copy was also available in person at the Courthouse. In addition, the Court promptly mailed a hard copy of the November 25 Order to the address Plaintiff provided to the Court for correspondence [*See* Docs. 5 at 1; 20]. And Plaintiff provides no explanation for why his receipt of the Order was delayed [*See* Doc. 24]. Plaintiff received all of the notice of the Order that the law required. And Plaintiff's unexplained delayed receipt of the Order is not an extraordinary circumstance justifying alteration of the final Judgment. *See Rogers*, 302 F. App'x at 378.

*Finally*, Plaintiff's allegation that an "unknown federal agent" with the postal service committed honest services fraud by failing to timely return the certified mail receipt to him provides no basis for relief [*See* Doc. 24 at 12]. Plaintiff did ultimately receive the certified mail receipt about which he complains [*See* Docs. 23 at 11, 24-1 at 21]. And the Court has substantively considered the certified mail receipt in assessing whether Plaintiff is entitled to relief under Rule 59(e). As analyzed above, that certified mail receipt does not establish an entitlement to relief.

5

And Plaintiff's receipt and filing of the certified mail receipt sooner would not have changed the outcome of this case. At the end of the day, the certified mail receipt does not show that Plaintiff has properly served Defendant. And the Court entered judgment and dismissed this case without prejudice after issuing multiple orders based on the fact that Plaintiff failed to show that he had properly served Defendant. That has not changed. So, Plaintiff is not entitled to relief on this basis.

### III.     Conclusion

For the above reasons, the Court **DENIES** Plaintiff's "Motion to Alter Judgment" [Doc. 24].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge